1
2
3
4
5
6
7
8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN McMILLAN,                          No.  2:14-cv-1106 CKD P

12                 Plaintiff,

13        v.                                 ORDER

14   TIM V. VIRGA, et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect

24   the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

                                              1

1  The court is required to screen complaints brought by prisoners seeking relief against a

2  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

3  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

4  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

5  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

6  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

7  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

8  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

9  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

10  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

11  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

12  Cir. 1989); Franklin, 745 F.2d at 1227.

13  In order to avoid dismissal for failure to state a claim a complaint must contain more than

14  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

15  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

16  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

17  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

18  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

19  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

20  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

21  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

22  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

23  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

24  U.S. 232, 236 (1974).

25  I. Allegations

26  Plaintiff names as defendants the Warden of California State Prison-Sacramento and three

27  prison officials who work on C-Yard.  He alleges as follows:  Defendant Dr. Ma "was aware . . . I

28  had a steel rod, pins and screws in my right leg.  I should have never been on a top bunk."  (ECF

No. 1 at 3.)  Inmates are required to get off their bunks and stand at 4:00 p.m. every day.  There are no steps or ladders to climb up or down from the top bunk.  Plaintiff broke his knee "jumping down from a top bunk."  (ECF No. 1 at 3-4.)

II.  Applicable Law

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  To state a § 1983 claim, a plaintiff must allege facts showing each named defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[ ] in motion a series of acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict the constitutional injury."  Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978).  There must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation.  See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691–92 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is objectively, sufficiently serious, and (2) the official is subjectively, deliberately indifferent to the inmate's safety.  See id.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation."  Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citation omitted).  "The inmate must then make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety."  Patterson v. County of San Diego, 2010 WL 3957398 *3 (S.D. Cal., 2010) (quoting Farmer, 511 U.S. at 834).

To reach the "deliberate indifference" standard, a plaintiff must show "that the official was aware of a risk to the inmate's health or safety and that the official deliberately disregarded

1    the risk." Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009).  An accident, although it may

2    produce added anguish, is not on that basis alone to be characterized as wanton infliction of

3    unnecessary pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976).

4    III.  Analysis

5         Here, plaintiff fails to allege that any of the named defendants was directly responsible for

6    causing him some constitutional deprivation.  He does not allege that Dr. Ma had anything to do

7    with his being assigned a top bunk, nor does he allege that the other defendants knew he should

8    not be assigned a top bunk due to the condition of his leg.

9         Thus plaintiff fails to allege a cognizable claim as to Warden Virga or any other

10   defendant.  Supervisory personnel are generally not liable under § 1983 for the actions of their

11   employees under a theory of respondeat superior and, therefore, when a named defendant holds a

12   supervisorial position, the causal link between him and the claimed constitutional violation must

13   be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

14   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

15        Moreover, many courts have held that the failure of prison officials to equip an inmate's

16   bunk with a ladder or similar safety features does not amount to the deprivation of "a minimal

17   civilized measure of life's necessities." Hucker v. California Dept. of Corrections, 2010 WL

18   4904747 *3-4 (E.D. Cal. Nov. 24, 2010) (dismissing deliberate indifference claim alleging unsafe

19   upper bunks) (collecting cases).  "In the absence of any allegation of knowledge or awareness on

20   [a] defendant's part that plaintiff was unable to negotiate the allegedly hazardous condition

21   through the use of reasonable care, plaintiff's claims sound more in the nature of a claim of

22   negligence which is not actionable under Section 1983." Id., citing Farmer, 511 U.S. at 835–36

23   & n. 4.  But see, e.g., Felix–Torres v. Graham, 687 F.Supp.2d 38, 64 (N.D.N.Y. 2009) (where

24   there was in place a medical order that an inmate be assigned to a lower bunk, that order was

25   known to the defendants, and the inmate was thereafter assigned to an upper bunk resulting in an

26   injury to the inmate, the evidence suffices to raise a question of fact on the second prong of the

27   [deliberate indifference] claim.").

28   /////

As it fails to state a cognizable claim, the complaint will be dismissed.  However, plaintiff will be granted one opportunity to amend the complaint to state a claim.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  If plaintiff chooses to amend the complaint, he should set forth a "short and plain statement" of his claim and any related claims against the appropriate defendants.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IV.  Appointment of Counsel

Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

5

1    In accordance with the above, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

3        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

4    shall be collected and paid in accordance with this court's order to the Director of the California

5    Department of Corrections and Rehabilitation filed concurrently herewith.

6        3.  Plaintiff's complaint is dismissed.

7        4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

8    complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

9    Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

10   assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

11   two copies of the amended complaint; failure to file an amended complaint in accordance with

12   this order will result in a recommendation that this action be dismissed.

13       5.  Plaintiff's motion to appoint counsel (ECF No. 3) is denied without prejudice to

14   renewal at a later stage of the proceedings.

15   Dated:  May 19, 2014

16                                   _____
                                     CAROLYN K. DELANEY
17                                   UNITED STATES MAGISTRATE JUDGE

18

19

20

21   2 / mcmi1106.14.new

22

23

24

25

26

27

28

6