UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN McMILLAN,<br><br>           Plaintiff,<br><br>     v.<br><br>TIM V. VIRGA, et al.,<br><br>           Defendants. | No. 14-cv-1106 TLN CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the First Amended Complaint ("FAC") filed June 13, 2014 (ECF No. 9), which was ordered served on defendant Ma. (ECF No. 10.) Plaintiff alleges that Ma, a physician, was deliberately indifferent to plaintiff's serious medical need when he failed to issue plaintiff a medical chrono for a lower bunk. Plaintiff subsequently fell from the top bunk and was injured.

Before the court is defendant Ma's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 22.) Plaintiff has opposed the motion. (ECF No. 23.) Having carefully considered the record and the applicable law, the undersigned will recommend that defendant's motion be denied.

////

II.  Standards for a Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

In ruling on a motion to dismiss, the court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading[.]" Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Gailbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002); see also Steckman v. Hart Brewing Co., Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) (on Rule 12(b)(6) motion, court is "not required to accept

2

as true conclusory allegations which are contradicted by documents referred to in the complaint.") The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

III. Allegations

Plaintiff alleges that, at all relevant times, Dr. Ma was his primary care provider at California State Prison-Sacramento. (FAC at 4.) He sues Ma (and original defendant Warden Virga[1]) as "individuals in their official capacities." (Id.) Plaintiff alleges that, upon arriving at CSP-Sac, he informed Dr. Ma that his right leg had "a steel rod in place from knee to ankle, nine pins and three screws." (Id.) Dr. Ma prescribed pain medication for plaintiff. (Id.)

"During the month of December 2011, plaintiff sought medical attention from Dr. Ma because . . . the housing cell did not provide a safe way for Plaintiff to get up or down from a top bunk and no step-ladder was attached to the cell bunks." (Id.) Dr. Ma did not issue plaintiff a medical accommodation chrono for a lower bunk. (Id.)

"In April 2012, . . . plaintiff requested Dr. Ma issue a temporary low bunk chrono until Plaintiff['s] appeal for a medical accommodation is exhausted. Dr. Ma failed to act on Plaintiff's request [and] disregarded Plaintiff['s] safety concerns. Ma then increased Plaintiff's medication order for pain[.]" (Id. at 5.)

"On September 20, 2012, while getting down from the top bunk . . . Plaintiff fell [and] broke his right patella. Plaintiff suffered injuries which caused him to be hospitalized for [four] weeks unable to walk." (Id.)

IV. Standard for Deliberate Indifference

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the

---

[1] See ECF No. 10.

3

1 inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S.
2 517, 526-27 (1984)). "[A] prison official violates the Eighth Amendment when two requirements
3 are met. First, the deprivation alleged must be, objectively, 'sufficiently serious'[.] For a claim
4 ... based on a failure to prevent harm, the inmate must show that he is incarcerated under
5 conditions posing a substantial risk of serious harm." Id. at 834. Second, "[t]o violate the Cruel
6 and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of
7 mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." Id.
8 The prison official will be liable only if "the official knows of and disregards an excessive risk to
9 inmate health and safety; the officials must both be aware of facts from which the inference could
10 be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.
11 at 837.

12 V. Analysis

13   Defendant first argues that, because plaintiff sues Dr. Ma in his official capacity and seeks
14 monetary damages, his claim against Ma should be dismissed. (ECF No. 22-1 at 4.) Plaintiff
15 counters that he intended to sue Ma as an "'individual' in his official capacity." (ECF No. 23 at
16 2.)

17   The Eleventh Amendment prohibits damage actions against state officials in their official
18 capacities. Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995). However, where a § 1983 action
19 is brought against "the defendants in their personal capacities for their own wrongdoing, and not
20 in their official capacities, the Eleventh Amendment imposes no bar to . . . suit." (Id.)

21   Here, the language of the FAC is ambiguous as to whether Dr. Ma is being sued in his
22 individual and/or official capacity. Rather than require plaintiff to submit an amended complaint
23 for this reason, the court will chalk up the ambiguity to a drafting error by a pro se litigant and
24 construe plaintiff's claim as against Dr. Ma in his individual capacity.

25   As to whether plaintiff states an Eight Amendment claim against Dr. Ma, defendant
26 argues that plaintiff merely alleges a difference of medical opinion as to whether he required a
27 lower bunk chrono. (ECF No. 22-1 at 6-7.) A difference of opinion about the proper course of
28 treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials

4

over the necessity for or extent of medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

However, construing the FAC in the light most favorable to plaintiff, and in the absence of medical records or any factual development, it is premature to conclude that Dr. Ma formed the medical opinion that plaintiff did not require a lower bunk chrono.  All plaintiff alleges is that Dr. Ma "failed to act" and "disregarded Plaintiff's safety concerns."  The undersigned concludes that this is sufficient to survive the pleading stage, and thus will recommend that defendant's motion be denied.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No. 22) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 7, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / mcmil1106.mtd